

333 commerce street, suite 1500
nashville, tennessee 37201
*phone:* 615.256.0500 *fax:* 615.251.1059

h3gm.com

September 17, 2014

<u>Via U.S. Mail Delivery and</u>
<u>Electronic Transmission</u>
mreid@dvcr.com
Michelle Reid
Diversicare Healthcare Services, Inc.
1621 Galleria Boulevard
Brentwood, TN 37027-2926

<u>Via Electronic Transmission Only</u>
Jane.Hanna@sedgwickcms.com
Janie Hanna
Sedgwick Carona
10370 Richmond Avenue, Suite 350
Houston, Texas  77042

Re:   **Glen Adkins, as the Administrator of the Estate, and obo of the Wrongful Death Beneficiaries of Susan Adkins, deceased v. Advocat, Inc.; Diversicare Healthcare Services, Inc.; Diversicare Leasing Corp.; Diversicare Management Services Co.; Nate Carter in his capacity as Administrator of Wurtland Nursing & Rehab Center and John Does 1 through 5**
Commonwealth of Kentucky – Greenup County Circuit Court
Civil Action No. 14-CI-00424

Dear Michelle and Janie:

Enclosed please find National Registered Agents' Service of Process Summary Transmittal Form No. 525711290, Civil Summons, and Complaint, which have been served on Diversicare Management Services Co. this same date.

Please note that an answer or appearance is due within 20 days after service.  If you have any questions or need any assistance please let us know.

Sincerely,

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

Glenn B. Rose

GBR/lsm
Enclosure(s)

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  **Glenn B. Rose**
     HARWELL HOWARD HYNE GABBERT & MANNER
     333 COMMERCE STREET, SUITE 1500
     NASHVILLE, TN 37201

SOP Transmittal # **525711290**

800-592-9023 - Telephone

Entity Served:  DIVERSICARE MANAGEMENT SERVICES CO. (Domestic State: TENNESSEE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of KENTUCKY on this 16 day of September, 2014. The following is a summary of the document(s) received:

1.  **Title of Action:**  Glen Adkins, as the Administrator of the Estate, and on behalf of the Wrongful Death Beneficiaries of Susan Adkins, deceased, Pltf. vs. Advocat, Inc., et al. including Diversicare Healthcare Services, Inc., Dfts.

2.  **Document(s) Served:**  Other: Summons, Complaint, Exhibit(s)

3.  **Court of Jurisdiction/Case Number:** Greenup County Circuit Court, KY
    Case # 14CI00424

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

    ___ Personally served by:       ___ Process Server       ___ Deputy Sheriff       ___ U. S Marshall

    _X_ Delivered Via:              _X_ Certified Mail        ___ Regular Mail         ___ Facsimile

    ___ Other (Explain):

6.  **Date of Receipt:** 09/16/2014

7.  **Appearance/Answer Date:** Within 20 days following the day this paper is delivered to you

8.  **Received From:**  James McHugh                    9.  **Federal Express Airbill #** 771185250747
    James McHugh Fuller Law Group
    97 Elias Whiddon Rd.                               10. **Call Made to:** Not required
    Hattiesburg, MS 39402
    601-261-2220

11.    **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Image SOP
Email Notification, LINDA S MONTALBANO LSM@H3GM.COM
Email Notification, Glenn B. Rose GLENN.ROSE@H3GM.COM

**NATIONAL REGISTERED AGENTS, INC.**                    **CopiesTo:**

Transmitted by Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

ALLEN REED, CIRCUIT CLERK
101 HARRISON STREET
P.O. BOX 676
GREENUP, KY 41144



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**™



7013 2630 0001 6711 0521

**VIA CERTIFIED MAIL RETURN RECEIPT #**
**7013 2630 0001 6711 0521**
Diversicare Management Services, Co.
National Registered Agents, Inc.
306 W. Main St., Ste 512
Frankfort, KY 40601





ZIP 41144
02 1W
0001375938 SEP 10 2014

$ 006.98°

U.S. POSTAGE ≫ PITNEY BOWES

| AOC-105          Doc. Code: CI<br>Rev. 1-07     09/5/2014 04:04 pm<br>Page 1 of 1          Ver. 1.02<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No.  _14-CI-00424_<br>Court   ☑ Circuit ☐ District<br>County   Greenup |
|---|---|---|

**PLAINTIFF**

Glen Adkins, on          behalf of          the Estate of
Susan Adkins

645 Linn Street

Union Star          Missouri          64494

VS.

**DEFENDANT**

Diversicare Management Services Co.

c/o National Registered Agents, Inc.

306 W Main St, Ste 512

Frankfort          Kentucky          40601

**Service of Process Agent for Defendant:**

c/o National Registered Agents, Inc.

306 W Main St, Ste 512

Frankfort                    Kentucky          40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _9-10-_____, 2_014_          _Allene Kurt Reed_____Clerk

By: _Jenn Lu Qualls_____D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title

COMMONWEALTH OF KENTUCKY
IN THE CIRCUIT COURT OF GREENUP COUNTY
DIVISION _CZ_

Civil Action File No. 14-CI-_004/24/_

FILED

SEP 1 0 2014

ALLEN REED, CLERK
BY: _____, D.C.

Glen Adkins, as the Administrator                                           PLAINTIFF
of the Estate, and on behalf of
the Wrongful Death Beneficiaries
of Susan Adkins, deceased

v.                                   **COMPLAINT**

Advocat, Inc.                                                              DEFENDANTS
c/o William Council, III
1621 Galleria Blvd
Brentwood, TN 37027

Diversicare Healthcare Services, Inc.
c/o National Registered Agents, Inc.
160 Greentree Drive, Ste. 101
Dover, Delaware, 19904

Diversicare Leasing Corp.
c/o National Registered Agents, Inc.
306 W. Main St., Ste 512
Frankfort, KY 40601

Diversicare Management Services Co.
c/o National Registered Agents, Inc.
306 W. Main St., Ste 512
Frankfort, KY 40601

Nate Carter, in his capacity as Administrator
of Wurtland Nursing & Rehab Center
100 Wurtland Avenue
Greenup, Kentucky 41144

and John Does 1 through 5,
Unknown Defendants
(as to Wurtland Nursing & Rehab Center)

        COMES NOW Plaintiff, Glen Adkins, as the Administrator of the Estate and on

behalf of the wrongful death beneficiaries of Susan Adkins, deceased, and for his

1

causes of action against Advocat, Inc. Diversicare Healthcare Services, Inc. Diversicare Leasing Corp., Diversicare Management Services, Co.; Nate Carter, and John Does 1 through 5, Unknown Defendants, and states:

1.    Glen Adkins is the husband of Susan Adkins, deceased, and therefore brings this action on behalf of the estate and wrongful death beneficiaries of Susan Adkins, deceased, pursuant to the Survival of Actions Statute (K.R.S. § 411.140) and the Wrongful Death Statute (K.R.S. § 411.130).    See Order Appointing Administrator attached as Exhibit "A".

2.    Glen Adkins is a resident of Union Star, DeKalb County, Missouri.

3.    Upon information and belief, Susan Adkins was a resident of Wurtland Nursing & Rehab Center, 100 Wurtland Avenue, Greenup, Kentucky 41144 from on or about January 2013 until on or about April 24, 2014 and died on April 24, 2014

4.    At all times relevant to this action, Susan Adkins was of unsound mind and remained of unsound mind until her death.

5.    Defendant Advocat, Inc. is a Delaware corporation with its principal place of business at 1621 Galleria Boulevard, Brentwood, Tennessee, 37027. The agent for service for Advocat, Inc., is William R. Council 1621 Galleria Boulevard, Brentwood, Tennessee, 37027. Advocate, Inc. was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirmed, mentally impaired, and/or in need of nursing care and treatment at Wurtland Nursing & Rehab Center.    Defendant Advocat, Inc. is without an agent for service of process within the Commonwealth of Kentucky and should, therefore, be served with service of process upon the Kentucky Office of the Secretary of State, The Capitol Building, 700 Capital

2

Avenue, Suite 152, Frankfort, Kentucky 40601, for service upon its own agent, William

Council, III at 1621 Galleria Blvd, Brentwood, TN 37027by certified mail.

6.      Defendant Diversicare Healthcare Services, Inc. is a Delaware corporation with

its principal place of business at 1621 Galleria Boulevard, Brentwood, TN 37027. The

agent for service for Diversicare Healthcare Services, Inc. is National Registered

Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware, 19904. Diversicare

Healthcare Services, Inc. was, and remains, a corporation engaged in the custodial

care of elderly, helpless individuals who are chronically infirmed, mentally impaired,

and/or in need of nursing care and treatment at Wurtland Nursing & Rehab Center. At

all times material to this action, Defendant Diversicare Healthcare Services, Inc.

owned, operated, managed and/or controlled nursing facilities, including Wurtland

Nursing & Rehab Center. Defendant Diversicare Healthcare Services, Inc. is without

an agent for service of process within the Commonwealth of Kentucky and should,

therefore, be served with service of process upon the Kentucky Office of the Secretary

of State, The Capitol Building, 700 Capital Avenue, Suite 152, Frankfort, Kentucky

40601, for service upon its own agent, National Registered Agents, Inc., 160 Greentree

Drive, Suite 101, Dover, Delaware, 19904 by certified mail.

7.      Defendant Diversicare Leasing Corp. is a foreign corporation whose principal

office is located at 1621 Galleria Boulevard, Brentwood, Tennessee, 37027. The agent

for service for Diversicare Leasing Corp. is National Registered Agents, Inc. 306 W.

Main St., Suite 512, Frankfort, Kentucky 40601. Diversicare Leasing Corp. was, and

remains, a corporation engaged in the custodial care of elderly, helpless individuals

who are chronically infirmed, mentally impaired, and/or in need of nursing care and

3

treatment at Wurtland Nursing & Rehab Center. At all times material to this action, Defendant Diversicare Leasing Corp. owned, operated, managed and/or controlled nursing facilities, including Wurtland Nursing & Rehab Center.

8.      Defendant Diversicare Management Services, Co. is a foreign corporation with its principal office at 1621 Galleria Boulevard, Brentwood, Tennessee 37027. The agent for service for Diversicare management Services, Co. is National Registered Agents, Inc., 306 W. Main Street, Suite 152, Frankfort, Kentucky, 40601. Diversicare Management Services, Co. was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirmed, mentally impaired, and/or in need of nursing care and treatment at Wurtland Nursing & Rehab Center. At all times material to this action, Defendant Diversicare Management Services, Co. owned, operated, managed and/or controlled nursing facilities, including Wurtland Nursing & Rehab Center.

9.      Defendant Nate Carter, material hereto is an administrator of Wurtland Nursing & Rehab Center. Nate Carter is a resident citizen of the Commonwealth of Kentucky. Defendant Nate Carter for all times material to this lawsuit conducted business in the Commonwealth of Kentucky and continues to do business in the Commonwealth of Kentucky. Defendant Nate Carter's contacts with the Commonwealth of Kentucky are systematic and ongoing such that Defendant Nate Carter could reasonably expect to be haled into a Kentucky court.

10.     Defendants John Does 1 through 5 are entities and/or persons, either providing care and services to Susan Adkins, or directly or vicariously liable for the injuries of Susan Adkins.  Plaintiff is currently unable to identify these Unknown Defendants,

4

despite diligent efforts, but may discover such identities upon further investigation. Said Defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services to Susan Adkins during her residency at Wurtland Nursing & Rehab Center.

11.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

12.     Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes Advocat, Inc., Diversicare Healthcare Services, Inc., Diversicare Leasing Corp., Diversicare Management Services, Co.

13.     Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to the facility administrator.

14.     Nursing Home Defendants controlled the operation, planning, management, budget and quality control of Wurtland Nursing & Rehab Center.   The authority exercised by Nursing Home Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by the nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Nursing Home Defendants.

15.     Jurisdiction and venue are proper in this Court.

## **FACTUAL ALLEGATIONS**

16.     Plaintiff incorporates all allegations contained within the complaint as is fully set forth herein.

17.    Upon information and belief, Susan Adkins was looking to Nursing Home Defendants for treatment of her total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the facility would treat her.

18.    At all relevant times mentioned herein, Nursing Home Defendants owned, operated, managed and/or controlled Wurtland Nursing & Rehab Center, either directly, through a joint venture, enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

19.    Nursing Home Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

20.    Due to the wrongful conduct of Nursing Home Defendants, Susan Adkins suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

    a.    Sexual assault;

    b.    Death.

21.    Susan Adkins also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress and hospitalizations, all of which were caused by the wrongful conduct of Defendants as alleged below.

<u>**CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS**</u>
<u>**NEGLIGENCE**</u>

22.    Plaintiff incorporates all allegations contained within the complaint as is fully set forth herein.

23.    Nursing Home Defendants owed a non-delegable duty to Susan Adkins to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

24.    Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at Wurtland Nursing & Rehab Center in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Susan Adkins.

25.    Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

    a.    The failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

        i)    ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Susan Adkins, as promulgated by the Cabinet for Health Services, Division of Long Term Care;

        ii)    ensuring compliance with the resident care policies for the facility; and

        iii)    ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

    b.    The failure to provide the minimum number of qualified personnel to meet the total needs of Susan Adkins;

    c.    The failure to provide adequate supervision and assistance to prevent accidents;

    d.    Failure to provide Susan Adkins with adequate amounts of fluid to prevent dehydration;

e.     Failure to take other necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during her residency;

f.     The failure to provide a nursing and other staff that was properly staffed, qualified and trained;

g.     Failure to increase the number of personnel at the facility to ensure that Susan Adkins received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

h.     The failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

i.     The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility; and

j.     The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Susan Adkins in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence.

26.     A reasonably careful nursing facility would not have failed to provide the care listed above.  It was foreseeable that these breaches of ordinary care would result in serious injury to Susan Adkins.   With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Susan Adkins.

27.     Pursuant to KRS 446.070, Plaintiff also alleges Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*.  Susan Adkins was injured by the statutory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Nursing Home Defendants included, but is not limited to, violation(s) of the

following:

    a.     Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Susan Adkins;

    b.     Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Susan Adkins, who was unable to care for herself because of her illness; and

    c.     Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

28.    As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Susan Adkins suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, and loss of life, in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## MEDICAL NEGLIGENCE

29.    Plaintiff incorporates all allegations contained within the complaint as is fully set forth herein.

30.    Nursing Home Defendants had a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility acting under the same and similar circumstances.

31.    Nursing Home Defendants failed to meet applicable standards of medical care. The medical negligence or malpractice of Nursing Home Defendants included, but was

not limited to, the following acts and omissions:

    a.    The overall failure to ensure that Susan Adkins received the following:

        i)     timely and accurate care assessments;

        ii)    prescribed treatment, medication and diet;

        iii)   necessary supervision; and

        iv)   timely nursing and medical intervention due to a significant change in condition;

    b.    The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Susan Adkins throughout her residency;

    c.    Failure to provide and implement an adequate nursing care plan based on the needs of Susan Adkins;

    d.    Failure to provide proper treatment and assessment to Susan Adkins in order to prevent infections;

    e.    Failure to assess the risk and prevent, treat or heal the development or worsening of pressure ulcers;

    f.    Failure to ensure that Susan Adkins received adequate and proper nutrition, fluids, supervision, medication and skin care;

    g.    Failure to provide Susan Adkins with adequate sanitary care;

    h.    Failure to provide care, treatment and medication in accordance with physician's orders;

    i.    Failure to adequately and appropriately monitor Susan Adkins and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status;

    j.    Nursing Home Defendants were responsible for the infliction of physical pain, injury, and mental anguish upon Susan Adkins; and

    k.    Failure to ensure Susan Adkins was not deprived of the services necessary to maintain her health and welfare.

32.    It was foreseeable that the breaches of care listed above would result in serious injuries to Susan Adkins.  A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

33.    With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Susan Adkins.

34.    As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Susan Adkins suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, and loss of life, in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

<u>**CORPORATE NEGLIGENCE**</u>

35.    Plaintiff incorporates all allegations contained within the complaint as is fully set forth herein.

36.    Upon information and belief, Susan Adkins was looking to Nursing Home Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her problems.  There is a presumption that the treatment Susan Adkins received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible.  Nursing Home Defendants or persons or entities under their control, or to the extent Nursing Home

11

Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Susan Adkins, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

37.    Nursing Home Defendants owed a non-delegable duty to assist Susan Adkins in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote her care.

38.    Nursing Home Defendants owed a duty to Susan Adkins to maintain their facilities; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

39.    Nursing Home Defendants owed a duty to Susan Adkins to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Nursing Home Defendants to insure smoothly run facilities and adequate resident care.

40.    Nursing Home Defendants owed a duty to Susan Adkins to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.  The duty of reasonable care and attention extended to safeguarding Susan Adkins from danger due to her mental incapacity to care for herself.  Nursing Home Defendants had a duty to protect Susan Adkins from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by

her or which her mental condition or aberration would suggest as likely to happen.

41.    The negligence of the Nursing Home Defendants, their employees, agents and consultants, includes, but is not limited to, one or more of the following acts and omissions:

    a.    Staffing

        i)    Nursing home residents, including Susan Adkins, often are unable to care for themselves; thus, they rely on nursing home staff to provide many, if not all, of their activities of daily living (ADL's). Nursing facilities have a common law duty, as well as a statutory duty, to have sufficient nursing staff to provide for the needs of their residents.

        ii)    The Nursing Home Defendants are responsible and required to provide sufficient resources to hire and maintain sufficient staff to ensure that these residents' needs are met.

        iii)    Additionally, when the Nursing Home Defendants fail to provide sufficient resources to hire and maintain sufficient staff, the staff who are present are unable to meet the total needs of the residents through no fault of their own.

        iv)    When the Nursing Home Defendants fail to provide sufficient resources to hire and maintain sufficient staff, those who are present must take shortcuts with respect to all aspects of their job and are unable to do their job.

        v)    Rather than hiring and maintaining sufficient staff, Nursing Home Defendants hired too few registered nurses, too few LPNs, and too few certified nursing assistants. More importantly, too many of these staff members skipped work or terminated their employment because they did not have enough co-workers to properly care for the residents who depended upon them, or because of deplorable working conditions, or because the pay set by these Nursing Home Defendants was too low, or such other reasons as will be proven at trial of this matter.

    b.    Separate Defendants failed to implement adequate guidelines, policies and procedures for:

        i)    Investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at Wurtland Nursing & Rehab Center by any state or federal survey agency;

ii)    Determining the cause of any such deficiencies, violations or penalties; and

iii)    Correcting deficiencies or licensure violations or penalties found to exist at Wurtland Nursing & Rehab Center;

iv)    Notifying residents affected by and those potentially affected by deficiencies cited by any state or federal survey agency.

c.    Adopting adequate guidelines, policies, and procedures for determining whether Wurtland Nursing & Rehab Center had sufficient numbers of nursing personnel to:

i)    Provide 24-hour compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations;

ii)    To correct and address any and all failures to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

d.    Nursing Home Defendants failed to adopt adequate guidelines, polices, and procedures of Wurtland Nursing & Rehab Center for documenting; maintaining files; investigating and responding to any complaint regarding compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations by employees at Wurtland Nursing & Rehab Center regardless of whether such complaint derived from a state survey agency, a resident of the facility, an employee of the facility or any interested person.  This failure resulted in injury, abuse and neglect to residents of the facility, including Susan Adkins.

e.    Budgeting or Allocation of Resources

i)    Nursing Home Defendants were responsible for providing accurate information regarding the monetary needs of the facility so that a workable budget could be set.

ii)    Nursing Home Defendants were required to administer Wurtland Nursing & Rehab Center in a manner that enabled it to use resources effectively and efficiently to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

iii)    Nursing Home Defendants were responsible for allocating funds within the budget in a manner that ensured that compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

iv)     Nursing Home Defendants failed to properly allocate the budgetary needs of the facility and to properly allocate the funds budgeted to the facility for compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations, resulting in the following:

a)      Staffing levels that were insufficient to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations for each residents, including Susan Adkins, and

b)      Supplies and food were insufficient to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations for each resident, including Susan Adkins.

v)      Upon information and belief, Plaintiff alleges that rather than properly allocating the budgeted funds, Nursing Home Defendants inappropriately allocated or allowed funds to be paid to management companies that did not assist or even participate in managing the care provided to the residents. Rather, Nursing Home Defendants only enhanced the profits of the home, allocated funds to employees whose only duties were non-patient oriented and to items and services that were unnecessary to achieve the proper goal of compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

vi)     The failure to adequately budget and allocate resources to the facility directly caused damages to Susan Adkins.

f.      Corporate Compliance and Reporting

i)      Nursing Home Defendants were responsible for ensuring that the facility complied with state and federal standards as to the residents of the home.   To that end, they were required to file various reports with regulatory entities.

ii)     Nursing Home Defendants were charged with the responsibility of reporting instances of noncompliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations that occurred at the facility.   Upon information and belief, Plaintiff alleges that their failure to properly and timely do so resulted in additional injuries to residents, including Susan Adkins.

iii)     Upon information and belief, Plaintiff alleges that Nursing Home Defendants failed to properly recognize and report instances of non-compliance occurring at Wurtland Nursing & Rehab Center, and further failed to correct those instances. These failures to report resulted in the appearance of a facility that was properly managed and maintained.   This

15

false and misleading appearance induced the family of Susan Adkins to place her in the facility and misled them as to the facility's compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.   Further, upon information and belief, Plaintiff alleges that because certain problems were not reported or were under-reported, the facility escaped inspections and investigations by regulatory agencies and even in-house reviews that might have corrected the deficiencies.   These deficiencies that the facility experienced created a more dangerous environment in which additional injuries could occur to residents, including Susan Adkins.

iv)      Nursing Home Defendants were responsible for ensuring that no claims for reimbursement were submitted to the federal or state governments for services that were not provided or services provided that did not comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations. Upon information and belief, Nursing Home Defendants submitted inaccurate claims as a result of the various staffing issues listed above, resulting in unjust enrichment to the facility.

v)      The failure to adequately comply with and report violations of state and federal standards directly caused harm to Susan Adkins.

42.    A reasonably careful Corporation, operating under similar circumstances, would foresee that the failure to provide the appropriate oversight, management, direction, and/or control would result in poorly operated nursing homes such as Wurtland Nursing & Rehab Center and devastating injuries to residents including Susan Adkins.

43.    As a direct and proximate result of the negligence of Defendants as set out above, Susan Adkins suffered injuries set out above and also suffered extreme pain, suffering, mental anguish, embarrassment, and fright all of which required hospitalization and medical treatment, and required Susan Adkins to incur significant hospital and medical expenses.

44.    As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Susan Adkins suffered the injuries described herein.   Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home

Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, and loss of life, in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

45.     Plaintiff incorporates all allegations contained within the complaint as is fully set forth herein.

46.     Nursing Home Defendants violated statutory duties owed to Susan Adkins as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

47.     The violations of the resident's rights of Susan Adkins include:

   a.     Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

   b.     Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

   c.     Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

   d.     Violation of the right to be free from abuse and neglect; and

   e.     Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

48.     As a result of the aforementioned violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, as well as costs and attorney's fees.

49.     With regard to the aforementioned violations of the Resident's Rights Act, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Susan Adkins and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, as well as costs and attorney's fees.

### WRONGFUL DEATH

50.     Plaintiff incorporates all allegations contained within the complaint as is fully set forth herein.

51.     As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, or was oppressive, fraudulent, or malicious, Defendants caused the death of Susan Adkins by their wrongful conduct.

52.     Susan Adkins suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress, resulting in her death.  The pain, disfigurement and loss of dignity suffered by Susan Adkins caused her family to suffer more than normal grief upon her death.

53.     As a direct and proximate result of such the wrongful death suffered by Susan Adkins, Plaintiffs assert a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, mental anguish, disability, the grief suffered by statutory beneficiaries, and loss of life in an amount to be determined by the jury, plus costs and all other relief to which Plaintiffs are entitled by law.

## CAUSE OF ACTION AGAINST ADMINISTRATOR,
## IN HIS CAPACITY AS ADMINISTRATOR OF FACILITY
## NEGLIGENCE

54.   Plaintiff incorporates all allegations contained within the complaint as is fully set forth herein.

55.   As a nursing home administrator, required to be licensed by the State of Kentucky, Nate Carter owed ordinary duties of care to Susan Adkins, as well as professional duties and statutory duties owed to residents by licensed, nursing home administrators in this state; pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010 *et seq.*

56.   As a holder of a nursing home administrator's license, Nate Carter was legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

57.   Administrator Defendant was also responsible for the total management of Wurtland Nursing & Rehab Center pursuant to federal law.

58.   Administrator Defendant's management responsibilities included ensuring that Wurtland Nursing & Rehab Center operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

59.   Administrator Defendant breached his duties of ordinary care and failed to operate, manage or administer Wurtland Nursing & Rehab Center in compliance with accepted professional standards and principles through acts and omissions including, but not limited to, the following:

a.     The failure to provide sufficient numbers of qualified personnel to meet the total needs of Susan Adkins throughout her residency and to ensure that Susan Adkins;

    i)     received timely and accurate care assessments;

    ii)     received prescribed treatment, medication, and diet; and

    iii)     was protected from accidental injuries by the correct use of ordered and reasonable safety measures;

b.     The failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

c.     The failure to ensure that Susan Adkins was provided with basic and necessary care and supervision;

d.     The failure to ensure that the staff provided Susan Adkins with sufficient amounts of fluids to prevent dehydration throughout her residency at the facility;

e.     The failure to ensure that Susan Adkins attained and maintained her highest level of physical, mental, and psychosocial well-being;

f.     The failure to ensure that Susan Adkins received care, treatment, and medication as prescribed or in accordance with physician's orders;

g.     The failure to ensure that Susan Adkins was treated with the dignity and respect that all nursing home residents are entitled to receive;

h.     The failure to provide a safe environment for Susan Adkins;

i.     The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

j.     The failure to discipline or terminate employees at the facility assigned to Susan Adkins that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health Services;

k.     The failure to adopt adequate guidelines, policies, and procedures for:

    i)     Investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health Services or any other authority;

    ii)     Determining the cause of any such deficiencies, violations, or

20

penalties;

iii)    Establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

iv)    Determining whether the facility had sufficient numbers of personnel to meet the total needs of Susan Adkins; and

v)    Documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person;

l.    The failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to Susan Adkins and other residents, to protect Susan Adkins' skin integrity and to prevent the worsening of pressure sores;

m.    The failure to provide adequate supervision to the nursing staff so as to ensure that Susan Adkins received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, and skin care to prevent infection, and sufficient nursing observation and examination of the responses, symptoms, and progress in the physical condition of Susan Adkins; and

n.    The failure to maintain all records on Susan Adkins in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment.

60.    A reasonably careful nursing home administrator would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Susan Adkins. Each of the foregoing acts of negligence on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Susan Adkins as to constitute gross negligence.

61.    Additionally, Administrator Defendant's failure to operate, manage or administer Wurtland Nursing & Rehab Center in compliance with federal, state, and local laws,

21

regulations, and codes intended to protect nursing home residents, included, but was

not limited to:

    a.     The failure to ensure compliance with rules and regulations of the Cabinet for Health Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services;

    b.     The failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health Services to provide the minimum number of staff necessary to assist Susan Adkins with her needs;

    c.     The failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrator pursuant to the Nursing Home Administrator Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

    d.     The failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and psychosocial well-being of Susan Adkins, and in accordance with the comprehensive assessment and plan of care created at the facility;

    e.     The failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Susan Adkins in accordance with the resident care plan generated at the facility;

    f.     The failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Susan Adkins;

    g.     The failure to ensure a nursing care plan based on Susan Adkins problems and needs was established which contained measurable objectives and time tables to meet her medical, nursing, mental, and psychosocial needs as identified in her comprehensive assessment, which was reviewed and revised when Susan Adkins' needs changed;

    h.     The failure to notify Susan Adkins' family and physician of a need to alter her treatment significantly;

    i.     The failure to provide a safe environment;

    j.     The failure to ensure that Susan Adkins maintained acceptable parameters of nutritional status and received a therapeutic diet throughout her residency.

62.   Susan Adkins is member of a class intended to be protected by the above laws and regulations.  The injuries alleged in Paragraph 20 resulted from events the laws and regulations were designed to prevent.

63.   It was foreseeable that these breaches of statutory duties would result in serious injuries to Susan Adkins.  Each of the foregoing acts of negligence *per se* on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Susan Adkins as to constitute gross negligence.

64.   As a direct and proximate result of such grossly negligent, wanton, or reckless conduct, Susan Adkins suffered the injuries described in Paragraph 19, and Plaintiff assert a claim for judgment for all compensatory and punitive damages against Administrator Defendant, in his/her capacity as Administrator of Wurtland Nursing & Rehab Center, including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, and loss of life, in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS
## DAMAGES

65.   Plaintiff incorporates all allegations contained within the complaint as is fully set forth herein.

66.   As a direct and proximate result of the negligence of Defendants as set out above, Susan Adkins suffered injuries including, but not limited to, those listed herein. As a result, Susan Adkins incurred significant medical expenses, and suffered embarrassment and physical impairment and death.

67.   Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Glen Adkins, individually and on behalf of the Wrongful Death beneficiaries of Susan Adkins, prays for judgment against Defendants, Advocat, Inc., Diversicare Healthcare Services, Inc., Diversicare leasing Corp., Diversicare Management Services, Co., Nate Carter and John Does 1 through 5, Unknown Defendants, in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted this 5TH day of September, 2014.

Glen Adkins, as the Administrator
of the Estate, and on behalf of
the Wrongful Death Beneficiaries
of Susan Adkins, deceased

By:   _____

James McHugh, KY Bar No. 90448
Michael J. Fuller, Jr., KY Bar No. 93574
D. Bryant Chafin, KY Bar No. 95449
**McHUGH FULLER LAW GROUP**
97 Elias Whiddon Rd.
Hattiesburg, MS 39402
Telephone:   (601) 261-2220
Facsimile:   (601) 261-2481

Attorneys for Plaintiff

**COMMONWEALTH OF KENTUCKY**
**GREENUP DISTRICT COURT**

PROBATE ACTION NO. 14-P-_00222_

IN RE:    THE ESTATE OF SUSAN ADKINS

**ORDER APPOINTING ADMINISTRATOR**

\*\*\* \*\*\* \*\*\* \*\*\*

Upon Motion by the Estate of Susan Adkins, and the Court being duly advised;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. All proper notice having been given and evidence taken, the Petitioner, **Glen Adkins, 645 Linn Street, Union Star, MO 64494** is hereby appointed Administrator of the Estate of Susan Adkins and he shall be permitted to serve without bond or surety for the faithful performance of his duties herein. KRS 395.040 states a Court shall grant administration to relations who apply, favoring the surviving spouse. *Thomas E. Cooper Attorney, 215 N. Mulberry St, Elizabethtown, Ky 42701 To serve as Agent for Service of Process*

**SO ORDERED** this 4 day of _Aug_, 2014.

_____
JUDGE, GREENUP DISTRICT COURT

Tendered by:

_____ 8/2/2014
Thomas E. Cooper
Cooper & Cooper Law Offices
215 North Mulberry Street
Elizabethtown, KY  42701-1473
(270) 769-1410
Counsel for the Estate of Susan Adkins

CERTIFICATION OF COURT RECORDS
I, ALLEN REED, CLERK OF THE GREENUP COUNTY CIRCUIT COURT, DO CERTIFY THAT THE FOREGOING ARE TRUE AND CORRECT COPY(S) OF THE ORIGINAL DOCUMENT(S) AS RECORDED IN MY OFFICE.
IN TESTIMONY WHEREOF WITNESS MY HAND AS CLERK AFORESAID, THIS THE ____ DAY OF _August_ 20__
_____ D.C.

**EXHIBIT**
A