UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 14-152-HRW

GLEN ADKINS, as the Administrator
of the Estate and on behalf of the
Wrongful Death Beneficiaries
of Susan Adkins,                                                      PLAINTIFF,

v.                          MEMORANDUM OPINION AND ORDER

ADVOCAT INC.,
DIVERSICARE HEALTHCARE SERVICES, INC.,
DIVERSICARE LEASING CORP.,
DIVERSICARE MANAGEMENT SERVICES CO.,
NATE CARDER, Administrator of Wurtland
Nursing & Rehabilitation Center
and JOHN DOES 1 through 5,                                      DEFENDANTS,

This matter is before the Court upon Defendants' Motion to Enforce Arbitration

Agreement [Docket No. 3] and Plaintiff's Motion to Amend and Remand [Docket No 10].

I.

This matter arises from Susan Adkins' residence at the Wurtland Nursing &

Rehabilitation Center, which is owned and operated by the corporate Defendants.  As part of the

admissions process, in August of 2013, she executed an Arbitration Agreement.  The Agreement,

which is attached to Defendants' Motion provides in pertinent part:

> [A]ny legal dispute, controversy, demand, or claim that arises out of
> or relates to the Resident Admission Agreement or is in any way
> connected to the Resident's stay at the Facility shall be resolved
> exclusively by binding Arbitration and not by a lawsuit or resort to
> other legal process . . . . This agreement to arbitrate shall include, but
> is not limited to, any claim for payments, non-payment, or refund for
> services rendered to the Resident by the Facility, claims arising out of
> State or Federal law, claims based upon breach of contract, breach of
> fiduciary duty, violation of rights, fraud or misrepresentation,

common law or statutory negligence, gross negligence, malpractice or any other claim based on any departure from accepted standards of medical or nursing care, whether such claims be for statutory, compensatory, or punitive damages, and whether arising in the future or presently existing.

[Docket No. 3-2, p. 1-2]

On the first page of Arbitration Agreement, at the top of the page, it is clearly stated that the Agreement is optional and governs important legal rights. *Id.* at p. 1. The Arbitration Agreement explicitly and conspicuously states that **"we do not want our disputes or claims to be resolved in a Court or before a jury."** *Id.* at p. 3 (emphasis in original). The parties to the Agreement further emphasized that:

> **[W]e have read this entire Agreement and we understand and agree that by entering into this Arbitration Agreement we are giving up and waiving our Constitutional rights to have any claim or dispute that falls within the scope of this agreement decided in a court of law before a judge and jury.**

*Id.* at p. 5 (emphasis in original).

The Arbitration Agreement provided that the Agreement was voluntary and not a pre-condition to the facility providing services and/or care to the resident. *Id.* at p. 4. The Arbitration Agreement states, among other things, that Ms. Adkins had an opportunity to review the Agreement, had an opportunity to receive explanations or clarifications of any term of the Agreement, and had the right to consult with an attorney regarding the Agreement. *Id.*

The Arbitration Agreement further states that Ms. Adkins could rescind the Agreement by providing written notice to the facility within thirty (30) days. *Id.*  According to Defendants, Ms. Adkins did not provide such notice after she signed the Arbitration Agreement. Therefore, the Agreement remains in full force and effect.

Further, the Arbitration Agreement specifically binds the Resident and the Resident's

Authorized Representative as well as the following:

> the Facility's parents, agents, employees, servants, officers, directors,
> shareholders, medical directors, attorneys, insurers, or affiliated
> business entities, and any and all persons whose claim is derived from
> or on behalf of the Resident, including his or her agents, guardian,
> power of attorney, parent, spouse, child, executor, administrator, legal
> representative, heirs, trustees, or insurers.

*Id.* at p. 2.

Ms. Adkins remained a resident at the Wurtland Nursing & Rehabilitation until her death on April 24, 2014.

Subsequently, Ms. Adkins' husband, Glen Adkins, as the Administrator of her Estate, filed this civil action in Greenup Circuit Court. In the Complaint, Mr. Adkins asserts claims for negligence against Diversicare Healthcare Services, Inc. f/k/a Advocat Inc., Diversicare Leasing Corp. d/b/a Wurtland Nursing & Rehabilitation Center, Diversicare Management Services Co., and Nathan Carder, as Administrator of the Wurtland Nursing & Rehabilitation Center. Plaintiff also alleges in the Complaint that "Defendants John Does 1 through 5 are entities and/or persons, either providing care and services to Susan Adkins, or directly or vicariously liable for the injuries of Susan Adkins." Complaint at ¶ 10. Plaintiff further states that he "is currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation." *Id.*

Defendants Diversicare Healthcare Services, Inc, Diversicare Leasing Corp. d/b/a Wurtland Nursing & Rehabilitation Center, and Diversicare Management Services Co. jointly removed the case to this Court. At the time of removal, Mr. Carder, a citizen of Ohio, had not yet been served.

Plaintiff seeks leave to amend his Complaint to assert a claim against Sarah Willis, the current administrator of the Wurtland Nursing & Rehabilitation Center.  He simultaneously filed

3

a motion to remand on the grounds that joining Ms. Willis as a Defendant would destroy diversity and divest this Court of jurisdiction.

Defendants object, arguing that Plaintiff's primary purpose in amending his Complaint is to avoid the jurisdiction of this Couyrt. In addition, Defendants seek entry of an Order compelling Plaintiff to honor the Arbitration Agreement.

## II.

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure, which allows a plaintiff to amend a complaint "once as a matter of course" within twenty-one (21) days of a defendant's answer or motion to dismiss under Rule 12. Fed.R.Civ.P. 15(a)(1)(B). Rule 15 provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The Sixth Circuit has recognized that "where the underlying facts would support a claim leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir.1999) (*citing Foman v. Davis*, 371 U.S. 178 (1962)).

"However, when a case has been removed to federal court and the amendment to the complaint would divest the court of jurisdiction, Congress has left the decision to the discretion of the courts." *Cooper v. Thames Healthcare Group, LLC*, No. 13–14–GFVT, 2014 WL 941925, at *2 (E.D.Ky. Mar. 11, 2014) (*citing* 28 U.S.C. § 1447(e)). Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

4

matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the

State court." *See also Lawson v. Lowe's Home Centers,* No. 13-374-KKC, 2015 WL 651117

(E.D.Ky. Jan. 5, 2015). "The general impetus for applying § 1447(e) is for the trial court to use

its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v.*

*Deutsche Bank Trust Co.*, 571 F.Supp.2d 807, 823 (N.D.Ohio 2008) (*quoting Harmon v.*

*McCreary*, No. 07–3–DLB, 2007 WL 4163879, at *3 (E.D.Ky. Nov. 20, 2007)); *see also Lynch*

*v. Lear Seating Corp.*, No. CIV.A.3:00CV–323–S, 2001 WL 1774429, at *1 (W.D .Ky. Aug. 23,

2001) ("Essentially, joinder of a nondiverse party after removal is permissible if such joinder

would be fair.")

As Judge Caldwell observed in *Lawson v. Lowe's Home Centers,* the Sixth Circuit has

provided little guidance on this statutory section. *Lawson,* 2015 WL 65117 at * 2.   However,

courts in this district generally consider the following factors when reviewing a motion to amend

a complaint under Section 1447(e): "(1) the extent to which the purpose of the amendment is to

defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3)

whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any

other equitable factors." *Id.*  at *2 (*quoting Premium Fin. Grp., LLC v. MPVF LHE Lexington*

LLC, No. 5:13–CV–362–KKC, 2014 WL 112308, at *4 (E.D.Ky. Jan. 9, 2014)); *see also*

*Brandenburg v. Stanton Health Facilities, L.P.*, No. 5:14–183–DCR, 2014 WL 4956282, at *2

(E.D.Ky. Oct. 2, 2014); *Davis v. Owners Ins. Co.*, No. 5:14–cv–169–JMH, 2014 WL 3339587, at

*3 (E.D.Ky. July 9, 2014); *Lester v. Extendicare, Inc.*, No. 6:13–CV–21, 2013 WL 3781300, at

*3 (E.D.Ky. July 18, 2013). Other district courts in this circuit have found the first factor is

"often of 'paramount importance' because the ultimate question is whether the primary purpose

5

of the proposed joinder is to divest the federal forum of jurisdiction." *Brandenburg*, 2014 WL

4956282, at *2 (*citing Bridgepointe Condominiums, Inc. v. Integra Bank Nat'l Ass'n,* No.

08–475–C, 2009 WL 700056, at *2 (W.D.Ky. Mar. 13, 2009); *City of Cleveland,* 571 F.Supp.2d

at 824–25; *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F.Supp.2d 613, 618

(E.D.Mich.2005)).

The timing and circumstances of Plaintiff's attempt to amend the Complaint and remand this

action further supports a determination that Plaintiff's primary purpose is to oust this Court of

jurisdiction. Even if one assumes that Plaintiff "forgot" that Sarah Willis was the Administrator,

Plaintiff was in possession of Ms. Adkins's records from Wurtland Nursing & Rehabilitation Center

several weeks before Defendants filed Answers to the Complaint. Plaintiff could have amended his

Complaint as a matter of right pursuant to Kentucky Rule of Civil Procedure 15.01. Instead, Plaintiff

only sought to amend the complaint **after** Defendants removed the action and moved to enforce an

arbitration agreement.   By seeking to add a nondiverse defendant immediately after removal

smacks of forum shopping, specifically, a desire to avoid federal jurisdiction.

With regard to whether Plaintiff was dilatory in seeking leave to amend his Complaint, it

does appear that he tarried. Despite being aware of Sarah Willis when the initial complaint was

filed, Plaintiff filed this motion to amend two months later, and not until **after** removal.

As for prejudice, this factor weighs against permitting Plaintiff to amend his Complaint.

Plaintiff's claims against Defendants are based on allegations of negligence and violations of long-

term care resident's rights. Although Plaintiff has not tendered a proposed amended complaint, he

has not stated in his submissions to this Court that he believes that Sarah Willis acted outside the

scope of her employment at Wurtland Nursing & Rehabilitation Center. As such, any liability of

Ms. Willis' part would likely be attributed to her employers, pursuant to the doctrine of *respondeat superior*. Her employers are already named Defendants in this action. Therefore, her joinder is not required in order for Plaintiff to obtain complete relief.

No does equity favor the Plaintiff. To the contrary, Defendants have a significant interest in proceeding in a federal forum. They are citizens of Tennessee and Ohio, facing a suit in a Kentucky Couyrt brought by a Kentucky resident. The insidious home-couyrt advantage is what diversity jurisdiction seeks to neutralize.

Judge Van Tatenhove was presented with this very issue in *Cooper v. Thames Healthcare Group*, cited *supra*. In *Cooper*, the plaintiff originally filed the complaint in Franklin Circuit Court alleging that the defendants' negligence caused the decedent injuries during her residency at the defendants' nursing home. *Cooper*, 2014 WL 941925 at *1. Almost a month after the defendants removed the case on the grounds of diversity jurisdiction, the plaintiff sought leave to amend the complaint to assert negligence claims against the non-diverse Director of Nursing and moved to remand. *Id.* Relying primarily on the first and third factors set forth above, the Court denied the plaintiff leave to amend. *Id.* at *3-4. Judge Van Tatenhove noted that the plaintiff's contentions of having a good faith basis for seeking to name the Director of Nursing "would be more compelling had the Estate learned of the identity of [the Director of Nursing] after a period of discovery following removal . . . ." *Id.* at *3. However, the plaintiff was aware of the Director of Nursing at the time of filing the original complaint in state court. *Id.* This fact, along with the circumstances of the simultaneous motions to amend and to remand filed soon after removal, led the Court to conclude that the true purpose of the proposed amendment was to destroy the Court's jurisdiction. *Id.* at *4. With respect to the third factor, the Court found that the plaintiff would suffer no substantial

7

prejudice if joinder was not allowed. Because the plaintiff did not allege that the Director of Nursing was acting outside the scope of her employment, the Court determined that the employer -- who was already a defendant -- would likely be liable for any tortious acts of the Director of Nursing under the theory of *respondeat superior*. *Id.* Thus, it was likely that the plaintiff could obtain a full recovery without joining the Director of Nursing. *Id.* After determining that the plaintiff's dilatoriness did not weigh either for or against permitting the amendment and considering the defendant's substantial interest in proceeding in a federal forum, the Court concluded that the balance of factors weighed against permitting joinder under § 1447(e). *Id.* at *5.

Following the well reasoned and sound precedent of this District, the Court will not permit Plaintiff to Amend his Complaint.

### III.

The Couyrt now turns to the issue of whether Ms. Willis is an indispensable party pursuant to Fed.R.Civ. Proc. 19.

This Court and other courts within this District have consistently held that the nursing home administrators are not indispensable per Rule 19. As the undersigned explained in *GGNCS v. Hanley*, 2014 WL 1333204 (E.D. Ky. 2014), Rule 19 deals with what were historically known as "necessary" and "indispensable" parties. The terms "necessary" and "indispensable" are terms of art in jurisprudence concerning Rule 19, and "necessary" refers to a party who should be joined if feasible, while "indispensable" refers to a party whose participation is so important to the resolution of the case that, if the joinder of the party is not feasible, the suit must be dismissed. If a necessary party cannot be joined without divesting the court of subject-matter jurisdiction, the Rule provides additional criteria for determining whether that party is indispensable, but if the

8

court finds that the party is anything less than indispensable, the case proceeds without that party, and if, on the other hand, the court finds that the litigation cannot proceed in the party's absence, the court must dismiss the case.

The first step in determining whether Ms. Willis is indispensable is to determine whether She is "necessary". A party is deemed necessary under the Rule if:

> (A) in that person's absence, complete relief cannot be accorded among those already parties; or
>
> (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
>
> (I) as a practical matter, impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19.

Plaintiff's claims against Ms. Willis and the Defendants in this case are based on the same occurrence, to-wit, the alleged negligence that resulted in injury to Susan Adkins. Further, the arbitration agreement governs claims against the corporate parties as well as the administrators. Moreover, if this Court and the state court were to reach different conclusions regarding whether the arbitration agreement is enforceable, the parties would face inconsistent procedural remedies. Accordingly, the Court concludes that the administrators are necessary party to the action.

However, that is not the end of the inquiry as it pertains to the existence of subject matter

jurisdiction in this case. As the joinder of Ms. Willis would destroy diversity jurisdiction, the

Court must also determine whether she is "indispensable." To do so, this Court must balance the

following factors: (1) the extent to which a judgment rendered in their absence might prejudice

them or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by

protective provisions in the judgment, shaping the relief, or other measures; (3) whether a

judgment rendered in their absence would be adequate; and (4) whether Plaintiffs would have an

adequate remedy if the action were dismissed for non-joinder. Fed.R.Civ.P. 19(b).

First, the duplication of proceedings in these circumstances is not a disqualifying factor. The

Sixth Circuit has rejected of this line of argument in a factually similar case addressing joinder:

"[T] he possibility of having to proceed simultaneously in both state and federal court," or in two

separate arbitrations for that matter, "is a direct result of [Adkins'] decision to file a suit naming

[Defendants] in state court rather than to demand arbitration under the [arbitration agreement]."

*PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 202 (2001). Moreover, "the possibility of piecemeal

litigation is a necessary and inevitable consequence of the FAA's policy that strongly favors

arbitration." *Id.* The Court considers that there is low risk that the state court will reach an

inconsistent outcome regarding the subject arbitration agreement as it relates to any party. Even

assuming such risk, however, this is not the degree of prejudice required to conclude an absent

party is indispensable. *Id.* at 203. Determining whether the dispute as it relates to Defendants  is

subject to arbitration is a simple matter of contract interpretation and does not require Ms. Willis'

presence or input. Id. The prejudice Plaintiff fears does not present the degree of prejudice

necessary to support a conclusion that the administrators are an indispensable party. Furthermore,

"[w]here the risk of prejudice is minimal, the Court need not consider how protective provisions

in the judgment, the shaping of relief, or other measures might reduce the risk of prejudice." Id. at 205.

With regard to the adequacy of available relief, simply being an alleged joint tortfeasor is not dispositive of the Rule 19(b) inquiry. The United States Supreme Court has explicitly rejected this theory as a non sequitur. *Temple v. Synthes Corp.*, LTD., 498 U.S. 5, 8, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (holding that a party's status as a joint tortfeasor does not make them a necessary or indispensable party but simply a permissive party to an action against one of them),

Finally, it is true that  an adequate remedy exists in state court if this Court were to remand this matter.   However, on balance, the factors do not dictate that the Court find Ms. Willis indispensable parties. As such, she need not be joined as a party and remand is not warranted.

The undersigned is not alone in this finding.  In *Sun Healthcare Grp., Inc. v. Dowdy,* 2014 WL 790916 (W.D.Ky., 2014), Judge Russell ruled on a substantially similar Motion to Dismiss by the same Defendant's counsel and found that subject matter jurisdiction existed without the administrator defendants. Judge Russell was persuaded by the "well-reasoned analysis" in an 8th Circuit case and found: "… the makeup of the parties in the underlying controversy is irrelevant for the determination of whether or not diversity jurisdiction exists. The determinative inquiry is the makeup of the parties before this Court. The parties presently before the Court, which does not include the administrators, are diverse. Therefore, this Court has subject-matter jurisdiction on the basis of diversity." *Id*. at *4- *5.

Similarly, in *GGNSC Louisville Hillcreek, LLC v. Warner,* 2013 WL 6796421 (W.D.Ky.,

11

2013), Judge Heyburn found that subject matter jurisdiction existed even without the administrator defendant. Judge Heyburn analyzed of Rule 19 factors, namely: "(1) the extent to which a judgment rendered in [the administrator's] absence might prejudice [the administrator] or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in [the administrator's] absence would be adequate; and (4) whether Golden Gate would have an adequate remedy if the action were dismissed for non-joinder." Id. at *3.  He concluded that the duplication of proceedings is not a disqualifying factor, the risk of prejudice to Defendant was minimal, and an administrator's status as a joint-tortfeasor does not make them an indispensable party. *Id.* at *3-*4.

In this District, in *Brookdale Senior Living, Inc. v. Stacy*, 2014 WL 2807524 (E.D.Ky., 2014), Judge Caldwell analyzed Rule 19 and applied the Sixth Circuit's analysis in *PaineWebber*, as well as other nursing home matters from the district to conclude that "a nursing-home administrator is not an indispensable party when she is joined in the underlying state court action." *Id.* at *6.

Judge Reeves' opinion in *Brookdale Senior Living, Inc. v. Caudill*, 2014 WL 3420783 (E.D.Ky., 2014) is consistent. "After balancing the factors of Rule 19(b) and considering the Sixth Circuit's rejection of nearly-identical arguments, the Court finds that the state court administrators are not indispensable parties." *Id.*

Case law is clear from the District Courts of Kentucky, the Sixth Circuit and the Supreme Court that this court has proper subject matter jurisdiction and remand is not warranted.

### IV.

Upon her admission to Wurtland Nursing & Rehabilitation Center, Ms. Adkins entered into a valid Arbitration Agreement encompassing the very claims Plaintiff now brings in this action. Thus, Plaintiff's claims are subject to the arbitration procedures to which Ms. Adkins and Defendants agreed. Accordingly, pursuant to the Federal Arbitration Act and the Kentucky Uniform Arbitration Act, this Court should stay this matter pending the conclusion of arbitration proceedings in accordance with the Arbitration Agreement.

### V.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Enforce Arbitration Agreement [Docket No. 3] be **SUSTAINED** and Plaintiff's Motion to Amend and Remand [Docket No 10] be **OVERRULED**.

**IT IS FURTHER ORDERED** Plaintiff shall prosecute all of his claims arising out of Susan Adkins' residency at Wurtland Nursing & Rehabilitation Center in accordance with the terms of the Arbitration Agreement and that this matter is hereby **STAYED** pending any further proceedings to enforce any award of the arbitrator.

This /7th day of April, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge