UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 14-152-HRW

GLEN ADKINS, as the Administrator
of the Estate and on behalf of the
Wrongful Death Beneficiaries
of Susan Adkins,                                                                                  PLAINTIFF,

v.                     **MEMORANDUM OPINION AND ORDER**

ADVOCAT INC.,
DIVERSICARE HEALTHCARE SERVICES, INC.,
DIVERSICARE LEASING CORP.,
DIVERSICARE MANAGEMENT SERVICES CO.,
NATE CARDER, Administrator of Wurtland
Nursing & Rehabilitation Center
and JOHN DOES 1 through 5,                                     DEFENDANTS.

This matter is before the Court upon Plaintiff's Motion to Reconsider [Docket No. 21]. Plaintiff asks this Court to reconsider its April 17, 2005 Order overruling his Motion to Amend and Remand and sustaining Defendants' Motion to Compel Arbitration. The motion has been fully briefed by the parties [Docket Nos. 22 and 23]. The Court finds that Plaintiff has failed to assert proper grounds upon which the Court would alter amend its prior Order.

I.     BACKGROUND

Susan Adkins, a former resident of Wurtland Nursing & Rehabilitation Center, passed away on April 24, 2014. On September 10, 2014, Mr. Adkins, as Administrator of the Estate of Susan Adkins, filed this action in Greenup Circuit Court. Defendants removed the case, stating that this Court had jurisdiction over the matter pursuant to 28 U.S.C. 28 § 1332. Specifically, Defendants alleged that the parties are citizens from different states and that the amount in

controversy is in excess of $75,000, as required by the statute. This Court sustained the removal.

Thereafter, Defendants filed a Motion to Enforce the Arbitration Agreement executed by Susan Adkins upon her admission to Wurtland Nursing & Rehabilitation Center. Plaintiff did not respond to Defendants' motion. Plaintiff then filed a Motion to Amend and Remand, seeking to amend his Complaint to add Sarah Willis, the current Administrator of Wurtland Nursing & Rehabilitation Center, as a defendant.

This Court found Plaintiff's primary purpose in seeking to amend the Complaint was to destroy this Court's jurisdiction and, therefore, overruled Plaintiff's motion. In the same Order, the Court sustained Defendant's motion and directed the Plaintiff to prosecute all of his claims arising out of Susan Adkins' residency at Wurtland Nursing & Rehabilitation Center in accordance with the terms of the Arbitration Agreement. Finally, this Court stayed this action, pending any further proceedings to enforce any award of the arbitrator.

In the instant motion, Plaintiff now asks this Court to reconsider its April 17, 2015 Order and to permit him to amend his Complaint to add another defendant, identified only as "MJM."

## II. STANDARD OF REVIEW

The standard of review on an FRCP 59(e) Motion to Alter, Vacate, or Amend is well established and the standards for reconsideration are necessarily high. There are only three grounds for a district court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997).

"A motion for reconsideration does not serve as 'an opportunity to re-argue a case.'"

2

*Tritent Int'l Corp. v. Kentucky*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005), *quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998). And a party should not use the motion "to raise arguments which could, and should, have been made before judgment issued." *Id.*

With regard to Plaintiff's desire to amend his Complaint, federal courts do not typically grant a motion for leave to amend and add a new party or a new legal theory after summary judgment has already been granted dismissing a case. Courts are especially inclined to deny a motion brought under Rule 15 after a judgment has been entered if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them. As the Seventh Circuit recently observed:

> Although this is a liberal standard, under which "leave to amend shall be freely granted when justice so requires," "justice may require something less in postjudgment situations than in pre-judgment situations.

*Doe v. Howe Military School*, 227 F.3d 981, 989 (7th Cir. 2000) (internal quotes omitted).

### III. ANALYSIS

Significantly, in support of his argument that the Court's April 17, 2015 Order should be reconsidered, Plaintiff merely rehashes prior arguments and raises new arguments regarding factual inferences that it now claims the Court should have reached, but which were never previously argued. These are not legitimate grounds for an FRCP 59(e) Motion.

Moreover, by failing to respond to Defendants' Motion to Enforce Arbitration, Plaintiff has waived any objection to the arbitrability of his wrongful death claim.

In his Motion to Reconsider, Plaintiff for the first time seeks leave to amend his Complaint to assert unsubstantiated allegations of sexual abuse against an individual identified only as "MJM." Plaintiff's proffer is a little too little, a little too late. Plaintiff insists that "MJM" is a party without whom complete relief may not be obtained and implies that she is a key player in the alleged misconduct which forms the basis of this civil action. Despite Plaintiff's assertion that he is "timely" seeking to amend, the fact remains that he filed this lawsuit before identifying the party against whom Plaintiff now seeks to assert claims. It cannot be said, with certainty, that the information regarding "MJM" was unavailable to Plaintiff beforehand. If, as Plaintiff suggests, bureaucratic red-tape prevented Plaintiff from discovering the identity and relevancy of "MJM", why wait until this late date to say so?

Further, as Plaintiff was ordered to arbitrate **all** of his claims arising out of Susan Adkins' residency at Wurtland Nursing & Rehabilitation Center, he may seek to assert his claims against "MJM" in arbitration.

## IV. CONCLUSION

A motion to reconsider is not an opportunity to reargue a case or shore up pleading deficiencies, but that is all that Plaintiff seeks to do. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). His arguments are no more availing now that they were in the first instance. The arguments set forth in his motion are insufficient for this Court to disturb its original ruling or to allow Plaintiff to Amend his Complaint.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider [Docket No. 21] be **OVERRULED**.

This 2nd day of September, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
**United States District Judge**